IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSIAH CHUMBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0851-CV-W-ODS |
| ) | |
| KANSAS CITY, MISSOURI BOARD ) | |
| OF POLICE COMMISSIONERS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER AND OPINION (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ON COUNT I OF THE SECOND AMENDED COMPLAINT, (2)
DISMISSING COUNTS II - VI WITHOUT PREJUDICE AND (3) DISMISSING ALL
"JOHN DOE" DEFENDANTS WITHOUT PREJUDICE</u>

After his dismissal of certain Defendants, Plaintiff's Second Amended Complaint asserts claims against Officers Nathan Simecek and Wesley Harris.[1] Both remaining Defendants seek summary judgment. The Court grants Defendants summary judgment on Count I based on qualified immunity, and dismisses the remaining counts without prejudice.

I. BACKGROUND

The parties agree on nearly all of the relevant facts. On September 2, 2004, Defendants (along with former co-Defendant Officer Kenneth Allen) were approached by Detective Terence Carter. Detective Carter told the officers that an individual named Carlos Willingham (1) was a suspect in approximately one hundred burglaries and (2) had an outstanding arrest warrant for burglary. He supplied the officers with a copy of the warrant and Willingham's picture and verbally provided additional identifying

---

[1] Technically, the "John Doe" Defendants were effectively dismissed when Plaintiff failed to name them in his Second Amended Complaint. To avoid confusion, the Court hereby dismisses those Defendants without prejudice.

information. The warrant listed two addresses for Willingham, one of which was 9800 Willow. 9800 Willow is an apartment building;[2] the warrant does not specify an apartment number, but Detective Carter told the officers he had information indicating Willingham lived at 9800 Willow, Apartment 1B. Officer Harris obtained Willingham's booking information from the computer, which confirmed Willingham had given 9800 Willow as his address (but did not specify an apartment).

The three officers traveled to the apartment building. Officer Allen remained outside the building while Officers Simecek and Harris went inside. Upon entry into the common hallway, Officer Harris telephoned the phone number Willingham had previously provided. A female answered the phone and indicated Willingham was not home. Officer Harris then called Detective Carter and the two agreed the person was most likely lying. After concluding his conversation with Detective Carter, Officer Harris knocked on the door to Apartment 1B.

Plaintiff answered the door. A chain lock prevented the door from opening very far, but the upper portion of Plaintiff's face was visible and Officer Harris believed Plaintiff looked like the person depicted in Willingham's photo. He then said "Carlos, you need to step out here, because you're under arrest." Plaintiff asked "what for?" and Officer Harris said "You have a warrant, and if you don't come out I'll kick your door down."[3] Plaintiff then indicated he needed to put some clothes on and the door began to close; he neither admitted nor denied that his name was Carlos. Upon observing the door starting to close, Officer Harris kicked the door open. The door struck Plaintiff in the face and opened a cut above his left eye. Plaintiff briefly lost consciousness; while

---

[2]To clarify matters, the Record indicates the address is an apartment building – not a house divided into separate rental spaces.

[3]Support for this sequence of events can be found in many places in the Record. Plaintiff does not admit this to be the content of the exchange, preferring only to concede this to be Officer Harris' testimony. However, Plaintiff does not offer a different version of events, and his deposition testimony was not inconsistent with what has been stated here.

2

he was unconscious, Officers Harris and Simecek entered the apartment and Officer Simecek handcuffed Plaintiff.

The officers quickly began to suspect Plaintiff was not Willingham. When Plaintiff regained consciousness (ten to fifteen seconds after being struck with the door), he directed the officers to identification establishing his identity. Officer Simecek removed the handcuffs; Plaintiff was handcuffed for less than a minute, and as indicated part of that time he was unconscious. The officers then called for an ambulance.

## II. DISCUSSION

### A. Count I

A moving party is entitled to summary judgment only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Defendants contend they are entitled to qualified immunity. "Qualified immunity protects government officials from the costs of trial and the burdens of broad discovery unless their discretionary acts violated clearly established statutory or constitutional

3

rights." Wilson v. Northcutt, 441 F.3d 586, 590 (8th Cir. 2006). A two-step inquiry is used to analyze claims of qualified immunity. First, the Court must determine whether the Record, viewed in the light most favorable to the Plaintiff, shows Defendants violated his constitutional rights. If a violation can be demonstrated, the Court must then determine whether the right was clearly established in the specific context of the case. Plemmons v. Roberts, 439 F.3d 818, 822 (8th Cir. 2006). The Court concludes Plaintiff cannot satisfy either step of the analysis with respect to Count I.[4]

### 1. Constitutional Violation

"A valid arrest warrant . . . carries with it the authority to conduct a forcible entry so long as the police have a reasonable belief that the suspect resides at the place to be entered and is currently present there." Ward v. Moore, 414 F.3d 968, 971 (8th Cir. 2005); see also United States v. Boyd, 180 F.3d 967, 977 (8th Cir. 1999). The underlying facts are, obviously, issues for the jury – but as noted, there are no disputed facts. The determination of reasonableness is a legal inquiry. United States v. Risse, 83 F.3d 212, 215 (8th Cir. 1996).

Defendants' actions were reasonable. In assessing their knowledge, it is proper to allow them to rely on information provided by other law enforcement officials. See Doran v. Eckold, 409 F.3d 958, 965 (8th Cir. 2005) (en banc). Before knocking on the door (which, of course, did not require a warrant of any sort), Defendants reasonably believed –based on the information obtained from the warrant, the computer records, and Detective Carter's instructions – that Willingham lived in Apartment 1B at 9800 Willow. Between the time they knocked on the door and the time Officer Harris kicked the door open, Defendants obtained two additional pieces of information: Plaintiff looked like the person in Willingham's picture and – of particular importance to Harris – when Officer Harris asked "Carlos" to come out of the apartment, Plaintiff did not deny being

---

[4] There has been some discussion as to whether Count I asserts a claim for excessive force, unlawful entry, unlawful arrest, or some combination thereof. The Court need not decide this issue because the analysis applies to each of these theories.

4

"Carlos" or otherwise indicate he was not Willingham. Harris Dep. at 60-61. Thus, it was reasonable for Defendants to believe Plaintiff was Carlos, that he lived in the apartment as Detective Carter advised, and that they had the right to enter the apartment. This reasonable belief also entitled Defendants to use force to enter the apartment, particularly given their concern for their safety or that "Carlos" might flee. The degree of force utilized was reasonably calculated to gain entry to the premises, and while it is unfortunate that Plaintiff was injured the Record does not suggest any basis for concluding Defendants acted with an intent to hurt Plaintiff. Once inside, Defendants were authorized to detain Plaintiff – and that detention lasted no longer than necessary for them to establish Plaintiff was not the person they sought.

Plaintiff raises several issues that are irrelevant to the analysis. Most notably, there is no doubt that Plaintiff was not the subject of this (or any other) arrest warrant. There is also no suggestion Plaintiff violated the law. However, that a mistake was made and Plaintiff was not the subject of the arrest warrant does not render Defendants' actions unconstitutional because the Constitution only required Defendants have a reasonable belief Willingham lived in the apartment; the Constitution did not require Defendants to be correct. Plaintiffs intimations that Defendants violated department policies also do not dictate a finding that Defendants violated the Constitution. E.g., Bagley v. Rogerson, 5 F.3d 325, 329 (8th Cir. 1993).

### 2. Clearly Established Right

Even if Defendants violated the Constitution, they did not violate any rights that can be characterized as "clearly established." In conducting this inquiry, the Court is required to consider the specific context of the case and determine whether it was clear to a reasonable officer in this situation that his conduct violated the Constitution. Ngo v. Storlie, 495 F.3d 597, 602 (8th Cir. 2007). In light of prior decisions permitting officers to rely on information communicated by other members of law enforcement, the arrest warrant and information possessed by Defendants prior to knocking on Plaintiff's door, and Plaintiff's reaction when "Carlos" was told to come out, reasonable officers would

5

not have believed they were violating the Constitution by forcing open the door to the apartment and briefly detaining Plaintiff.

## B. The Remaining Counts

The Court has supplemental jurisdiction over Plaintiff's state law claims. Having dismissed the only count for which original jurisdiction existed, the Court has the discretion to dismiss the remaining claims. 28 U.S.C. § 1367(c)(3); Gibson v. Weber, 433 F.3d 642, 647 (8th Cir. 2006). Ordinarily, the preferred course is to dismiss the state claims, e.g., In re Canadian Import Antitrust Litig., 470 F.3d 785, 792 (8th Cir. 2006), and in this case the Court believes it best to permit state courts to consider the unique defenses available to Defendants under state law.

## III. CONCLUSION

For these reasons, the Motion for Summary Judgment (Doc. # 38) is granted with respect to Count I, and Defendants Simecek and Harris are granted judgment on Count I. The John Doe Defendants are dismissed without prejudice, and Counts II through VI are dismissed without prejudice.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 27, 2007      UNITED STATES DISTRICT COURT